Opinion by
Beaver, J.,
Appellant, upon calm reflection and under strikingly changed conditions, has doubtless in his own mind good ground for concluding that he had done a foolish thing in giving to the appellee the judgment note upon which judgment was subsequently entered in the common pleas, which he seeks to have opened, so as to allow him to contest the payment of the consideration upon which it was founded.
That there was a good consideration for the note is not denied, and there is no allegation of any kind of fraud or duress in procuring it.
The testimony of the appellant and that of the appellee are *518 strikingly at variance". That of the latter, however, is corroborated by dates and other circumstances which lead to the conclusion not only that credence may, but should be, given to it.
The court finds facts based upon sufficient evidence that the restrictions and so-called “concurrences,” which relate to a note dated May 17, 1904, admittedly destroyed, do not extend to and form part of the contract expressed in the later note dated August 20, 1904, upon which the judgment in controversy was entered, and that the last note was given “absolutely without condition.” These conclusions seem to us to be based upon and fully justified by the evidence and, in view of this opinion, we cannot convict the court below of an abuse of discretion in refusing to open the judgment.
Decree affirmed and appeal dismissed at the costs of the appellant.